UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| SERGE OHANES KARAMOUSSAYAN | ) | Case No. 19-10975-JEB |
| | ) | |

**MOTION BY COMMISSIONER OF MASSACHUSETTS**
**DEPARTMENT OF REVENUE TO DISMISS CASE**

NOW COMES GEOFFREY E. SNYDER, Commissioner of the Massachusetts Department of Revenue ("MDOR"), a creditor and party in interest in the above-captioned matter, and pursuant to, *inter alia*, the provisions of 11 U.S.C. §§ 346(k)(1), 1304, 1305, 1307(c), 1308 1325(a)(3), 28 U.S.C. § 960(a) and in accordance with Federal Rules of Bankruptcy Procedure Rule 9013 and Massachusetts Local Bankruptcy Rules ("MLBR") 9013-1, moves for an order dismissing the case. In support thereof, the MDOR states the following:

1. The Debtor filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on March 26, 2019.

2. On or about December 8, 2020, the Debtor filed late sales tax returns for his sole proprietorship jewelry business for the post-petition sales tax periods spanning April 1, 2019 through March 31, 2020.[1] All of these periods occurred prior to the lockdown restrictions resulting from the COVID-19 pandemic. No corresponding payments were submitted by the Debtor with the returns and consequently the Debtor presently owes a post-petition sales tax balance of $5,863.99 inclusive on ongoing accruing penalties and interest.

3. Additionally, the Debtor filed a 2019 personal income tax return with MDOR listing an earned income tax credit of $1,505. That credit was subsequently denied by MDOR due to the

---

[1] The Debtor filed "Supplemental Schedules I and J" (See Docket Entries 198 and 199) that indicate he is receiving unemployment and that his jewelry store has been effected by the COVID-19 pandemic. It is unclear whether and to what extent any sales tax liabilities have accrued since March 2020.

Debtor's failure to verify his income listed on Schedule C of his 2019 income tax return. After adjustments, the Debtor currently owes $1,320.89 in tax, interest and penalties for the 2019 income tax year. Statutory additions continue to accrue on this balance.

4.  In total, the Debtor currently owes a post-petition income and sales tax balance of $7,184.88 with statutory additions continuing to accrue thereon.

5.  Accordingly, MDOR seeks dismissal of this case pursuant to 11 U.S.C. § 1307.

**LEGAL STANDARDS**

6.  Section 1307(c) provides that upon motion by a party in interest, the court may dismiss a case under chapter 13 "for cause", including "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). Moreover, the list of grounds for converting or dismissing a Chapter 13 case contained in Section 1307 is illustrative and is not exhaustive. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 373 (2007). The court will be able to consider other factors as they arise, and to use its equitable powers under 11 U.S.C. § 105(a) to reach an appropriate result in individual cases.

7.  The Debtor's failure to meet his post-petition Massachusetts tax obligations constitutes unreasonable delay that is prejudicial to creditors. The Debtor's non-compliance has caused unnecessary interest and penalties to accrue thus diminishing the value of his bankruptcy estate and prospects of a successful reorganization. Moreover, it appears that the Debtor has partially funded his living expenses and chapter 13 plan payments from the sales tax he collected from customers and failed to remit to the commonwealth. Not only is this cause for dismissal, it further demonstrates the Debtor's inability to fund a feasible plan.

8.  The Debtor's failure to meet his post-petition tax obligations runs contrary to the goals of chapter 13 and a successful reorganization. The protections that the Debtor can enjoy under the Bankruptcy Code while he is the subject of a pending case under Chapter 13 does not include

immunity from state taxation and similarly does not relieve the Debtor from the legal requirement of paying his taxes.

9.  The Debtor's failure to pay his post-petition income and sales taxes is cause for dismissal of this case under section 1307(c). *See, In re Wigley,* 333 B.R. 768 (N.D. Tex. 2005); *see also, In re John M. Clark*, Case No. 09-22622-WCH, Chapter 13, Massachusetts Bankruptcy Court, Eastern Division (Docket Entries 33 and 39, August 5, 2010).

## CONCLUSION

10.  For the foregoing reasons, the MDOR's motion should be allowed and the Debtor's case dismissed.

    **WHEREFORE**, the MDOR requests that this Court:

    a.    Dismiss the case; and

    b.    Enter an order for such other relief as the Court deems proper and just.

Respectfully submitted,

Dated: December 23, 2020

GEOFFREY E. SNYDER
COMMISSIONER
MASSACHUSETTS DEPARTMENT OF REVENUE

MAURA HEALEY
ATTORNEY GENERAL OF MASSACHUSETTS

Kevin Brown, General Counsel and
Special Assistant Attorney General

*/s/  John B. O'Donnell*
John B. O'Donnell (BBO # 673351)
Counsel to the Commissioner
Massachusetts Department of Revenue
Litigation Bureau
100 Cambridge Street
P. O. Box 9565
Boston, MA 02214
(617) 626-3869
(617) 626-3796 fax
odonnellj@dor.state.ma.us

CERTIFICATE OF SERVICE

I, John B. O'Donnell, hereby certify that I have this day served a copy of the within MOTION BY COMMISSIONER OF MASSACHUSETTS DEPARTMENT OF REVENUE TO DISMISS THE CASE, by either electronic mail or by first class mail, postage prepaid, upon the parties or persons appearing on the accompanying SERVICE LIST attached hereto.

/s/ *John B. O'Donnell*
John B. O'Donnell
Dated: December 23, 2020

## SERVICE LIST

**Electronic Notice List**

Carolyn Bankowski, Esq.
Chapter 13 Trustee

John Fitzgerald, Esq.
Office of the United States Trustee

David G. Baker, Esq.

Tracy Kish, Esq.

Marcus Pratt, Esq.

Julie Ranieri, Esq.

Catherine Eastwood, Esq.

Tatyana P. Tabachnik, Esq.

**Manual Notice List**

Belfiore Jewelry, Inc.
14 East Gilbert Road
Great Neck, NY 11024

Carmember Services
P.O. Box 790084
Saint Louis, MO 63179

Charles Sommo III
Schlesinger, Schlesinger & Sommo, LLC
P.O. Box 8606
Boston, MA 02114

Christopher Shirtcliff
7 Trager Road
Marblehead, MA 01945

Cosgrove Eisenberg & Kiley
803 Hancock Street
Quincy, MA 02170

Five Star USA LLC
55 West 47th Street, Suite 810
New York, NY 10036

Internal Revenue Service
Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101

John R. Gioiosa
c/o Robert Harnais, Esquire
Muse Law Center
15 Fisher Street
Quincy, MA 02169

Mia Monserrat, Inc.
25600 Rye Canyon Road, #209
Valencia, CA 91355

Nelson Jewelry USA, Inc.
631 S. Olive Street, #300
Los Angeles, CA 90014

PHH Mortgage Corporation
1 Mortgage Way, Mail Stop SV-22
Mount Laurel, NJ 08054

PNH Morgage Services
c/o Samuel Grossack, Esquire
Korde & Assoc. P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541

R.S. Nazarian Inc.
Schlesinger, Schlesinger & Sommo, LLC
P.O. Box 8606
Boston, MA 02114

Riberra, Inc.
550 South Hill Street, #763
Los Angeles, CA 90013

Santander Bank NA
P.O. Box 12707
Reading, PA 19612

TJD
580 Fifth Avenue, Suite 400
New York, NY 10036

U.S. Bank NA dba Elan Financial Services
Bankruptcy Department
PO Box 108
St. Louis, MO 63166-0108

Verizon by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118